UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Edgar Upchurch, Jr., | ) C/A No. 7:10-1819-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Philip C. Wilkie;<br>Michael Morin,<br>individually and in their official capacities, | ) Report and Recommendation<br>) for Partial Summary Dismissal |
| Defendants. | ) |

The Plaintiff, Robert Edgar Upchurch, Jr.(Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a police officer and an assistant solicitor as Defendants.[2] Having reviewed the complaint in accordance with applicable law, the court concludes that the case should be summarily dismissed for failure to state a claim upon which relief may be granted as to Defendant Michael Morin. Service of the complaint is directed for Defendant Philip C. Wilkie, in an Order to be filed contemporaneously with this Report and Recommendation.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

On January 21, 2009, Plaintiff was arrested and detained by Defendant Wilkie on a drug possession charge. *See* Complaint, page 3. Plaintiff states the alleged drugs were not field tested at the time of his arrest and that he was indicted by Defendant Morin prior to any drug analysis being completed. *Id.* at 3-4. Plaintiff further claims Defendant Morin

withheld the results of the drug analysis from Plaintiff for six (6) months. *Id.* at 4. In June of 2010, Plaintiff was notified that the drug charge had been dismissed. *Id.* at 5. Plaintiff seeks monetary damages for false arrest, false imprisonment, and malicious prosecution. *Id.* at 6.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, Plaintiff has named one Defendant, Assistant Solicitor Michael Morin, who is immune from suit in the instant action. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 ( 2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or

appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Defendant Morin for actions taken during the prosecution of Plaintiff's drug possession charge. As this Defendant has absolute immunity insofar as his prosecutorial actions are concerned, Plaintiff's claims against Defendant Morin are barred from suit under § 1983. Therefore, Defendant Morin should be dismissed from the instant action.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendant Michael Morin *without prejudice* and without issuance and service of process for this Defendant. Process shall issue for service on Defendant Wilkie. Plaintiff's attention is directed to the important notice on the next page.

                                                         s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

August 9, 2010
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).